IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRYAN AROMAYE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:24-CV-981-L-BN** |
| | § | |
| **BRIAN THOMAS MOYNIHAN D/B/A** | § | |
| **CHIEF BANK OF AMERICA, N.A.;** | § | |
| **DERMOT MCDONOGH D/B/A** | § | |
| **BANK OF NEW YORK MELLON** | § | |
| **CORPORATION; and ONE MORE** | § | |
| **RECOVERY, LLC** | § | |
| | § | |
| Defendants. | § | |

## ORDER

On January 6, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 14) was entered, recommending that the court grant the Motions to Dismiss filed by Defendants Brian Thomas Moynihan and Dermot McDonogh (Docs. 6, 7). Defendant McDonogh moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6). Defendant Moynihan moved for dismissal pursuant to Federal Rule of Civil Procedure 12(c).  With respect to Defendant McDonogh, the magistrate judge determined that Plaintiff failed to establish that the court has personal jurisdiction, but, even if Plaintiff could establish the existence of personal jurisdiction, all of his claims against Defendant McDonogh, as well as those against Defendant Moynihan, fail because they consist of nothing more than conclusory allegations. The magistrate judge, therefore, recommends that the court, pursuant to Rules 12(b)(6) and 12(c), dismiss with prejudice all claims by Plaintiff against Defendants Moynihan and McDonogh[*] without allowing Plaintiff to amend his pleadings, unless he shows

---

[*] The Report correctly notes that the legal standards for Rules 12(b)(6) and 12(c) are the same.

**Order – Page 1**

through timely objections to the Report a valid basis for amending his pleadings to allege plausible claims.  Report 9-10 (citing *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021), for the conclusion that a district court may *sua sponte* dismiss with prejudice claims as long as it gives notice of its intention to do so and provides an opportunity to respond beforehand); and *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam), for the conclusion that "[a] court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).  No objections were filed to the Report, and the deadline for doing so has expired.

Having considered the Motions to Dismiss, pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.  Rule 15(a) provides that leave to amend shall be "freely" given "when justice so requires," and ordinarily, "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." *Wiggins v. Louisiana State Univ.-Health Care Services Div.*, 710 F. App'x 625, 627-28 (5th Cir. 2017) (citing *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)).  Granting leave to amend, however, is not necessary when the plaintiff has pleaded his or her "best case" after being apprised of pleading deficiencies. *Wiggins*, 710 F. App'x at 627 (quoting *Brewster*, 587 F.3d at 768).  Likewise, a district court need not grant a motion to amend if doing so would be an exercise in futility. *Wiggins*, 710 F. App'x at 627 (citing *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016)).

Here, Plaintiff did not file objections to the Report; nor did he seek an extension to do so. In addition, he did not respond to the Motions to Dismiss, and he has not sought leave to amend

his pleadings or explained how he would amend his pleadings, if allowed to do so, to cure the deficiencies noted by the magistrate judge. Moreover, in not responding to the Motions to Dismiss, Plaintiff effectively abandoned his claims against these Defendants Moynihan and McDonogh. *See Black v. North Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding that the plaintiff abandoned her retaliatory abandonment claim when she failed to defend the claim in response to a motion to dismiss).

Accordingly, for all of these reasons, the court determines that Plaintiff has pleaded his best case, and it agrees that allowing him to amend his pleadings pursuant to Federal Rule of Civil Procedure 15(a) is not warranted under the circumstances and would unnecessarily delay the resolution of the litigation as to Defendants Moynihan and McDonogh. Although Plaintiff is proceeding pro se and has not previously amended his pleadings since this action was removed to federal court on April 22, 2024, he had the opportunity in response to the Motions to Dismiss and the magistrate judge's Report to seek to amend and explain how he would cure the deficiencies identified regarding his conclusory pleadings, but for whatever reason he chose not to do so. *See Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a pro se litigant to develop the factual basis for his complaint."). Having abandoned his claims against Defendants Moynihan and McDonogh, any attempt at amending the abandoned claims would also be futile. *See Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1164 (5th Cir. 1983) (explaining that a party "cannot abandon an issue" in response to a motion "and then . . . by drawing on the pleadings resurrect the abandoned issue.").

Order – Page 3

The court, therefore, **grants** the Motions to Dismiss (Docs. 6, 7), **dismisses with prejudice** all claims by Plaintiff against Defendants Brian Thomas Moynihan and Dermot McDonogh, and, for the reasons explained, Plaintiff will not be allowed to amend his pleadings as to these Defendants. As Plaintiff's claims against Defendant One More Recovery, LLC remain, the court will delay entering judgment as to Defendants Thomas Moynihan d/b/a Chief Bank of America, NA and Dermot McDonogh d/b/a Bank of New York Mellon Corporation.

Further, as there is no indication from the docket sheet that Plaintiff has served Defendant One More Recovery, LLC, and more than 90 days have passed since this action was filed and removed to federal court, Plaintiff is **directed** to effect service as to Defendant One More Recovery, LLC and file an executed return of service setting forth details regarding the manner of service by **March 7, 2025**, or show cause in writing by this date for his failure or inability to do so. *Failure to comply with this order will result in dismissal without prejudice of Plaintiff's remaining claims against Defendant One More Recovery, LLC pursuant to Federal Rule of Civil Procedure 4(m).*

**It is so ordered** this 7th day of February, 2025.

Sam A. Lindsay
United States District Judge