IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRYAN AROMAYE,<br>　　　Plaintiff,<br><br>v.<br><br>BRIAN THOMAS MOYNIHAN, et al.,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:24-CV-981-L-BW |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Bryan Aromaye, proceeding pro se, filed this lawsuit in a Dallas County, Texas, state court on March 1, 2024. (*See* Dkt. No. 1-4.) The lawsuit was removed from state court on April 22, 2024, and referred to United States Magistrate Judge David L. Horan for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. (*See* Dkt. No. 4.) On April 25, 2025, the referral was reassigned to the undersigned United States magistrate judge for all further proceedings. (*See* Dkt. No. 16.)

For the reasons explained below, the undersigned recommends that Aromaye's claims against Defendant One More Recovery, LLC, be **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to serve Defendant One More Recovery, LLC.

### I. BACKGROUND

Aromaye filed this lawsuit against a corporation and two individuals, Brian Thomas Moynihan, who Aromaye alleges does business as the "Chief Bank of

America, N.A.," and Dermot McDonogh, who Aromaye alleges does business as "Bank of New York Mellon Corporation," seeking almost $200,000 in damages based on alleged violations of state and federal laws. (Dkt. No. 1-4; *see also* Dkt. No. 1-5.) Bank of America ("BANA") answered in state court (*see* Dkt. Nos. 1-7, 1-9) and removed Aromaye's lawsuit (*see generally* Dkt. No. 1).

On January 26, 2025, Judge Horan entered Findings, Conclusions and Recommendation ("FCR") (Dkt. No. 14), recommending that the Court grant the motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), filed by Defendants Moynihan/BANA (Dkt. No. 6), and the motion to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), filed by Defendant McDonogh (Dkt. No. 7). Notably, Aromaye failed to respond to either motion. (*See* Dkt. No. 14.)

On February 7, 2025, Judge Lindsay entered an order accepting Judge Horan's FCR. (Dkt. No. 15.) Accordingly, the Court granted the motions (Dkt. Nos. 6, 7) and dismissed with prejudice all claims by Aromaye against Defendants Moynihan and McDonogh, with no opportunity for Aromaye to amend his pleadings as to these Defendants. (*See id.*) Because Aromaye's claims against Defendant One More Recovery, LLC, remained, however, the Court delayed entering judgment as to these Defendants Moynihan and McDonogh. (*Id.*)

Judge Lindsay's order explained that, as there was no indication that Aromaye had served Defendant One More Recovery, and more than 90 days had passed since his action was filed and removed to federal court, Aromaye was ordered

to effect service as to Defendant One More Recovery and file an executed return of service setting forth details regarding the manner of service by March 7, 2025, or show cause in writing by this date for his failure or inability to do so. (See Dkt. No. 16.) Aromaye was warned that failure to comply with the Court's order would result in dismissal without prejudice of his remaining claims against Defendant One More Recovery, pursuant to Federal Rule of Civil Procedure 4(m). Aromaye failed to comply with the Court's order.

## II. LEGAL STANDARDS

### A. Rule 4(m)

Fed. R. Civ. P. 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the court. Fed. R. Civ. P. 4(*l*)(1). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for his failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017). "A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)." *Drgac v. Treon*, No. CIV.A.H-07-4283, 2008 WL 4746984, at *1 (S.D.

Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)).  But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." *Id.* (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

### B. Rule 41(b)

Fed. R. Civ. P. 41(b) "authorizes the district court to dismiss an action sua sponte for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)).  This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

"The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (quoting *Hulsey v. State of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991)).  A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

### III. ANALYSIS

This action should be dismissed pursuant to Fed. Rs. Civ. P. 4(m) and 41(b). The record demonstrates that Aromaye has failed to effect service on Defendant One More Recovery, LLC despite clear instruction from the Court, and he has failed to show good cause for the failure to serve Defendant One More Recovery, LLC. (*See* Dkt. No. 15.) This case therefore should be dismissed pursuant to Rule 4(m) for failure to timely serve Defendant One More Recovery, LLC.

Dismissal is also warranted under Fed. R. Civ. P. 41(b). By failing to comply with the Court's orders regarding service of process, Aromaye has failed to prosecute his lawsuit and has not complied with orders. Furthermore, the record shows that Aromaye has not made any filings in this case since its removal. His failure to take necessary steps for the progression of his lawsuit prevents the case from continuing. Considering Aromaye's failure to participate in this action, the undersigned concludes that lesser sanctions would be futile. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and sua sponte dismiss this action without prejudice. *See Gaivehchi v. Bierman*, No. 3:19-CV-980-L-BN, 2019 WL 6120137, at *2-3 (N.D. Tex. Oct. 1, 2019), *rec. adopted*, 2019 WL 6118563 (N.D. Tex. Nov. 15, 2019).

### IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Aromaye's claims against Defendant One More Recovery, LLC, be **DISMISSED** without prejudice for failure to timely serve Defendant One More Recovery, LLC with

summons and a copy of the complaint as required by Fed. R. Civ. P. 4(m) and also pursuant to Fed. R. Civ. P. 41(b) for failure to comply with court orders and to timely prosecute the case.

**SO RECOMMENDED** on July 23, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).